**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| MUKULLA M. BRUNDIGE,            )<br>    Plaintiff,                              )<br>                                                    )<br>    v.                                           )<br>                                                    )<br>ST. CATHERINE HOSPITAL OF EAST )<br>CHICAGO, *et al.*,                        )<br>    Defendants.                           ) | CAUSE NO. 2:18-CV-341-JTM-JEM |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on three filings requesting relief from the Court:

(1) Defendant's Reply to Plaintiff's False and Fraudulent April 5, 2019 Response to the Court's Order of March 26, 2019, Including Defendant's Continued Motion for Sanctions and Attorney Fees [DE 39], filed April 9, 2019;

(2) Plaintiff's Response to Defendant's Reply to Plaintiff's April 5, 2019 Response to this Court's March 26, 2019 Order [DE 43], filed May 30, 2019; and

(3) Defendant's Verified Motion for Attorney Fees Incurred in Defendant's Motion to Compel Plaintiff's FRCP 26(a) Initial Disclosures and Related Pleadings [DE 45], filed June 6, 2019.

Defendant St. Catherine Hospital requests sanctions, including default judgment, for alleged misrepresentations made to the Court by counsel for Plaintiff. Plaintiff objects to the requests and asks that the Court vacate a prior order granting attorney fees to St. Catherine. Finally, St. Catherine seeks additional attorneys fees incurred after Plaintiff failed to obey a discovery order.

On May 15, 2019, Judge James T. Moody entered an Order [DE 41] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the motion for sanctions [DE 39] pursuant to 28 U.S.C. § 636(b)(1)(B). This report constitutes the undersigned Magistrate Judge's proposed findings on the motion for sanctions. The request for reconsideration [DE 43] and the motion for attorney fees [DE 45] are not subject to the order of referral.

I.   **Background**

On December 11, 2018, St. Catherine filed a motion to compel, stating that Plaintiff's initial disclosures were "substantially incomplete and not compliant." On January 10, 2019, Plaintiff filed an untimely response to the motion, blaming administrative error and stating that "amended disclosures" were produced on January 7, 2019. Those amended disclosures did not include a "computation" of each category of damages Plaintiff claims, as required by the rules. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). The Court granted the motion to compel on January 24, 2019, noting that "[n]either party's briefing indicate[d] whether acceptable disclosures were subsequently produced." After Plaintiff failed to timely respond to St. Catherine's petition for expenses incurred in making the motion, the Court ordered her to reimburse St. Catherine's attorney fees on February 27, 2019.

On March 26, 2019, the Court ordered Plaintiff to file a status report indicating whether she had produced compliant initial disclosures. In her report, Plaintiff stated that the disclosures she produced on January 7, 2019 were compliant, attached compliant disclosures to the report, and accused St. Catherine of making "blatant misrepresentations" about her disclosures. St. Catherine states that Plaintiff did not produce the compliant disclosures on January 7, and her status report and attachment were "fraudulent." St. Catherine requests sanctions, including additional attorney fees, dismissal, and "disciplinary review" of counsel for Plaintiff's conduct.

2

In her response to the instant Motion, Plaintiff now admits that the disclosures attached to her status report were never actually produced to St. Catherine. Rather, counsel for Plaintiff accidentally produced a draft version, with the computations missing, on January 7. Not realizing the mistake, Plaintiff attached the finalized version to her status report, and incorrectly stated that the finalized version had been produced to St. Catherine on January 7. Plaintiff argues that sanctions are not appropriate, because St. Catherine resorted too quickly to motion practice, and because the information missing from the initial disclosures was previously provided to St. Catherine in a response to an interrogatory. For the same reasons, she asks the Court to reconsider its order awarding attorney fees for the motion to compel.

## II.     Analysis

### A.     Plaintiff's Request to Reconsider Fee Award

Plaintiff asks the Court to reconsider the fees awarded to St. Catherine for its successful motion to compel. A request for reconsideration is not appropriate "for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [appropriate for reconsideration]

3

rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

Plaintiff states that she "believes that this Court's order awarding fees may be based on the fact that St. Catherine failed to inform this Court" of the amended disclosures she produced on January 7, 2019. The Court was aware of the amended disclosures; Plaintiff discussed them in her response to the motion to compel. The motion for fees was granted because Plaintiff did not respond to the fee petition, and did not show that the expenses sought were unreasonable, that her position was "substantially justified," or that the award was unjust. Specifically, when the motion to compel was filed on December 11, 2018, the deadline for initial disclosures had passed, and Plaintiff had failed to respond to St. Catherine's repeated correspondence. Plaintiff did not demonstrate that she had produced compliant disclosures (as, indeed, she had not). St. Catherine was therefore entitled to recover its "expenses incurred in making the motion" to compel. Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff argues that the information that would have been contained in compliant disclosures was given to St. Catherine in a response to an interrogatory, also produced on January 7. Although that response did contain some damage calculations, they were incomplete and inconsistent with Plaintiff's prior disclosures: there was a category of damages missing from the interrogatory ("Moving Expenses"), and a new category ("Attorney Fee and Expenses") that was not previously disclosed. More to the point, Plaintiff never responded to the fee petition. It is now too late to argue "matters that could have been heard during the pendency" of that motion. *Caisse Nationale*, 90 F.3d at 1270. Accordingly, reconsideration is not appropriate.

  B.  <u>St. Catherine's Motion for Sanctions</u>

4

Next, St. Catherine argues that Plaintiff tried to defraud the Court by appending compliant disclosures to her status report to make it seem like she had produced them on January 7, 2019. If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissing the action or treating the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A).[1] Plaintiff now states that her error was a misunderstanding – she thought all along she had sent the compliant disclosures on January 7, but in fact she accidently sent St. Catherine a draft version that was missing the computations. She claims that she did not realize this until St. Catherine filed the instant motion – therefore, her status report stating that compliant disclosures had been produced was not fraudulent.

Plaintiff is responsible for her own disclosures, and compounded her errors by missing deadlines and failing to respond to motions and correspondence. However, St. Catherine contributed to this morass. For example, until the instant Motion, St. Catherine never actually acknowledged Plaintiff's January 7 production in its briefing, and has consistently omitted it from its timeline of "dates and events . . . relevant to this proceeding." *See* Reply in Support of Mot. to Compel [DE 27]; Fee Petition [DE 34]; Notice of Plaintiff's Failure to Comply [DE 35]; Mot. for Sanctions [DE 39]. Rather, St. Catherine made it seem like Plaintiff did not try to fix her initial errors. *See*, *e.g.*, Reply in Support of Mot. to Compel [DE 27], ¶ 12 ("Plaintiff certainly knew upon receiving Defendant's Motion to Compel on December 11 that her initial disclosures were non-compliant . . . [but] made no effort to communicate with Defendant's counsel" prior to January 16); Fee Petition [DE 34], ¶ 7 ("At no time (even up to [February 6]) has Plaintiff contacted Defendant's counsel to resolve this

---

[1] Although St. Catherine alleges that Plaintiff made deliberate misrepresentations to the Court, St. Catherine's motion is not styled as a motion for sanctions pursuant to Rule 11, nor does it conform to the requirements for such a motion. *See* Fed. R. Civ. P. 11(c)(2). Accordingly, the Court will not consider Rule 11 sanctions.

5

dispute"). In fact, Plaintiff's January 7 production was accompanied by an e-mail apologizing for the late disclosures and inviting counsel for St. Catherine to reply directly with any further concerns. *See* January 7, 2019 Production, Ex. 1 to Mot. for Sanctions [DE 39-1].

None of this justifies Plaintiff's inattention, but it lends credibility to her explanation that she simply did not understand what the problem was with her January 7 disclosures. It also indicates that most of the dispute and attendant motion practice probably could have been avoided with a two-minute phone call between counsel. For these reasons, the sanctions St. Catherine requests in this motion are not appropriate.

C.     St. Catherine's Motion for Attorney Fees

St. Catherine seeks additional attorney fees incurred after the Court granted the motion to compel on January 24, 2019. When a party fails to obey a discovery order, the Court must order that party or its counsel to pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In deciding whether to apportion fees, courts consider the relative degree of success of the party seeking fees and the degree to which the objecting party's position was justified. *McGrath v. Everest Nat'l Ins. Co.*, 2:07 cv 34, 2008 WL 4261075, at *1 (N.D. Ind. Sept. 11, 2008). The Court has "wide latitude" in determining awards of fees under Rule 37. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

For the reasons discussed in the Court's analysis of St. Catherine's motion for sanctions, it would be unjust to make Plaintiff pay all of St. Catherine's fees for the pendency of this dispute. However, on May 17, 2019, the day counsel for Plaintiff apparently became aware of her mistake, she declined counsel for St. Catherine's request to confer and discuss a resolution of the matter. *See*

6

May 16-17 Correspondence, Reply to Mot. for Sanctions, Ex. A-B [DE 44-1] ("Given that we only communicate through motions . . . I will provide an update in my required response to the court."). Since Plaintiff was not trying to resolve the dispute efficiently at that stage, it is appropriate to award St. Catherine's reasonable expenses incurred from that date forward.

Between May 17, 2019 and June 6, 2019, St. Catherine claims 12.3 attorney hours, at $260 per hour, for a total of $3,198.00, incurred in preparing its reply in support of its motion for sanctions and the instant motion for fees. On review of the itemization for that time period, and noting Plaintiff's lack of response to the motion for fees, the Court finds that the hours sought and corresponding hourly fees are reasonable. Adding the $3,198.00 to the $2,548.00 outstanding from the Court's February 27, 2019 Order, the total fee award amounts to $5,746.00.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the relief requested in Plaintiff's Response to Defendant's Reply to Plaintiff's April 5, 2019 Response to this Court's March 26, 2019 Order [DE 43], and **GRANTS in part and DENIES in part** Defendant's Verified Motion for Attorney Fees Incurred in Defendant's Motion to Compel Plaintiff's FRCP 26(a) Initial Disclosures and Related Pleadings [DE 45]. The Court **ORDERS** Plaintiff or her attorney to reimburse St. Catherine in the sum of **$5,746.00** (the instant award of $3,198.00 plus the outstanding award of $2,548.00) by **July 15, 2019**.

The Court **RECOMMENDS** that the District Court **DENY** the relief requested in Defendant's Reply to Plaintiff's False and Fraudulent April 5, 2019 Response to the Court's Order of March 26, 2019, Including Defendant's Continued Motion for Sanctions and Attorney Fees [DE 39].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 24th day of June, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record